UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDEL MONEN YAHYA, Individually
and as Personal Representative of the Estate
of SAID MOSHIN YAHYA, DECEASED

     Plaintiffs,

v.

YEMENIA-YEMEN AIRWAYS, a Foreign
Corporation for Profit; NORTHWEST
AIRLINES, INC., a wholly-owned subsidiary
of Delta Airlines, Inc., a Foreign Corporation
for Profit; and GSA-ARABIAN HORIZONS
TRAVEL AND TOURISM, a Foreign
Corporation,,

     Defendants.

_____/

Case No. 08-14789

HONORABLE SEAN F. COX
United States District Judge

OPINION & ORDER DENYING ARABIAN HORIZONS TRAVEL & TOURISM'S MOTION
FOR RECONSIDERATION [Doc. No. 35]

   Plaintiff Abdel Monen Yahya ("Plaintiff"), as personal representative of the Estate of

Said Mohsin Yahya ("Yahya") filed this cause of action on November 14, 2008 [Doc. No. 1],

alleging that the defendants' refusal to land an international flight during a health emergency

caused Yayha's death.  The matter is before the Court on Defendant GSA-Arabian Horizons

Travel and Tourism, Inc.'s ("Arabian") Motion for Reconsideration [Doc. No. 35], in which

Arabian requests that the Court reconsider its denial of Arabian's Motion to Dismiss [Doc. No.

21].  The Court declines to hear oral argument pursuant to Local Rule 7.1(g)(2).  As Arabian's

motion for reconsideration "merely presents the same issues ruled upon by the court" in its

motion to dismiss, the Court **DENIES** Arabian's Motion for Reconsideration [Doc. No. 35].

1

BACKGROUND

In its October 20, 2009 Opinion & Order, the Court rejected Arabian's argument that it could not be held liable under the Montreal Convention. [*See* October 20, 2009 Opinion & Order, Doc. No. 33, pp.11-12]. In doing so, the Court relied primarily upon the Southern District of Florida's holding in *In re West Caribbean Airways, S.A.*, 619 F.Supp.2d 1299 (S.D. Fla. 2007).

In its Motion for Reconsideration, Arabian argues that the Court erred in finding *West Caribbean Airways* applicable to the instant case:

> . . . Arabian Horizons did not enter into any contract of carriage. As a general sales agent for Yemenia-Yemen Airways, Arabian Horizons merely facilitated the making of a contract of carriage between the Plaintiff's decedent and Yemen Airways. As noted by the *West Caribbean* Court, the term "principal" was specifically used in the Montreal Convention to clarify that those acting solely as agents could not qualify as "contracting carriers." [*West Caribbean Airways*, 619 F.Supp.2d] at 1307.
>
> Arabian Horizons did not charter any planes from Yemenia-Yemen Airways nor made any contracts with Plaintiff's decedent. Arabian Horizons acted solely as the agent of Yemenia-Yemen Airways in providing the Yemenia-Yemen Airway ticket requested by Plaintiff's decedent. Therefore, the *West Caribbean* case is not applicable.

[Def.'s Br., Doc. No. 35, p.4].

As the holding in *West Caribbean Airlines* is far broader than Arabian's above-quoted argument, however, the Court disagrees. Arabian is correct that the travel agency involved in *West Caribbean Airlines* appears to have been involved *to a greater degree* than Arabian is alleged to have been involved in the instant case, but this fact alone does not render *West Caribbean Airways* inapposite. Indeed, *West Caribbean Airways* centered its holding upon the fact that, in that case, *the travel agency created the contract of carriage at issue in the case*. *Id.*

2

at 1306.

To be sure, Plaintiff's amended complaint against Arabian must make out a *prima facie* allegation that Arabian is a "contracting carrier" under Article 39 of the Montreal Convention. Further, Plaintiff will bear the burden of evidencing genuine issues of material fact to support these allegations at the summary judgment phase of this litigation. As *West Caribbean Airways* noted, a finding that a travel agency is a "contracting carrier" includes a requirement that the agency be acting *as a principal*, and not merely as an agent of another:

> Under international and maritime law, "person" can act either as an agent or a principal when contracting for transportation, depending on whether it acts on its own initiative or for another. In this case, [the travel agent] acted as a "principal" because *it* contracted with West Caribbean for its aircraft and crew, and then independently contracted to supply air transportation and ancillary services to [another intermediary].

*Id*. at 1306-07 (emphasis in original). If Plaintiff's amended complaint - which must be filed by Plaintiff no later than December 16, 2009 - does not allege a *prima facie* case for liability against Arabian under the Montreal Convention, then Arabian is free to bring another motion to dismiss under Rule 12(b)(6). Further, at the close of discovery Arabian is free to bring a summary judgment motion forcing Plaintiff to come forward with genuine issues of material fact regarding Arabian's status as a "principal" under Article 39 of the Montreal Convention.

## CONCLUSION

For the reasons explained above, the Court **DENIES** Arabian's Motion for Reconsideration [Doc. No. 35].

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: November 18, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDEL MONEN YAHYA, Individually
and as Personal Representative of the Estate
of SAID MOSHIN YAHYA, DECEASED

Case No. 08-14789

HONORABLE SEAN F. COX
United States District Judge

Plaintiffs,

v.

YEMENIA-YEMEN AIRWAYS, a Foreign
Corporation for Profit; NORTHWEST
AIRLINES, INC., a wholly-owned subsidiary
of Delta Airlines, Inc., a Foreign Corporation
for Profit; and GSA-ARABIAN HORIZONS
TRAVEL AND TOURISM, a Foreign
Corporation,,

Defendants.
_____/

PROOF OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record

on November 18, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

4